IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | |
|---|---|
| JENIFER CHISM, | COMPLAINT |
| Plaintiff, | |
| v. | |
| ER SOLUTIONS, INC., | Civil Action No. |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

---

## COMPLAINT

### I. INTRODUCTION

1. This action is brought by Plaintiff Jenifer Chism for statutory damages against Defendant ER Solutions, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here.

### III. PARTIES

3. Plaintiff Jenifer Chism is an individual who resides in South Holland, Illinois. Prior to her marriage, her name was Jenifer Franklin.

4. Ms. Chism is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant ER Solutions, Inc. ("ERSI") is a corporation organized under the laws of the State of Washington located 800 SW 39th Street, Renton, Washington.

6. ERSI is licensed by the State of Illinois as a Collection Agency.

7. ERSI is engaged in the collection of debts from Illinois consumers using the mail and telephone.

8. ERSI regularly attempts to collect consumer debts alleged to be due to another.

9. ERSI was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

10. In 2001 Ms. Chism incurred a debt to American General Finance by taking out a personal loan ("the Debt").

11. The Debt was incurred for personal, family, or household purposes, *i.e.*, a personal loan taken out to pay off outstanding personal bills.

12. ERSI obtained the Debt after it was in default.

13. On or about May 24, 2010, ERSI arranged for the preparation and transmittal of a letter to Ms. Chism at her residence in an attempt to collect the Debt.

14. The front side of ERSI's May 24, 2010, letters states in part:

> This notice is being sent to you by a collection agency. The records of American General Finance show that your account has a past due balance of $6,652.08. Please contact this office so we can help you resolve your account. My phone number is 877-495-0400.
>
> \*\*\*
>
> **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**

15. The reverse side of ERSI's May 24, 2010, letters states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

16. ERSI's May 24, 2010, letter was its initial communication sent to Ms. Chism.

17. On or about June 9, 2010, Ms. Chism called ERSI and spoke with an ERSI employee named Mark Orange.

18. Ms. Chism told Mr. Orange that she wanted to dispute the Debt.

19. Mr. Orange said that he was not going to waste his time by gathering information about the Debt. He asked Ms. Chism if she was going to pay the Debt.

20. Ms. Chism stated that she was disputing the Debt.

21. Mr. Orange said that the Debt had already been proven to be valid on Ms. Chism's credit report, as well as many other debts. Mr. Orange also said that, because Ms. Chism is a legal assistant, she has obviously been trained in how to dispute matters of this nature. Mr. Orange said that Ms. Chism was like other people who continue to dispute debts to make them go away.

22. Mr. Orange repeatedly attempted to gain Ms. Chism's promise to pay the Debt.

23. Mr. Orange asked Ms. Chism if she would pay the Debt if he obtained information regarding the Debt.

24. Ms. Chism repeated again that she simply wanted to dispute the Debt.

25. Mr. Orange accused Ms. Chism of speaking over him and that he would not continue the conversation because she spoke over him.

26. However, Mr. Orange continued to ask if Ms. Chism was going to pay the Debt.

27. The call ended with Mr. Orange stating that he would send proof of the Debt to Ms. Chism.

28. Ms. Chism never received proof of the Debt.

## V. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

30. Defendant's violations of the FDCPA include, but are not limited to

   A. using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and e(10); and

   B. contradicting and/or overshadowing the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15

U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

31. Even though the FDCPA provides with Ms. Chism and all consumers with an absolute right to dispute a debt during the 30-day period provided by Section 1692g(a), Defendant refused to acknowledge Ms. Chism's dispute, and instead stated that the alleged debt had already been proven to be valid. In communicating with Ms. Chism, Defendant expressly contradicted the rights afforded her by the FDCPA. Additionally, during that same telephone call Defendant falsely promised to send proof of the alleged debt to Ms. Chism; indeed, Defendant never did so.

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Jenifer Chism requests that judgment be entered in her favor against Defendant ER Solutions, Inc. for:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    For such other relief as the Court may find to be just and proper.

s/ Craig M. Shapiro
Craig M. Shapiro
Keith J. Keogh
KEOGH LAW, LTD.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
(312) 726-1092
(312) 726-1093 (Facsimile)

ATTORNEYS FOR PLAINTIFF JENIFER CHISM